# EXHIBIT #1



**SUMMONS**                    **SUM-100**
*(CITACIÓN JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARL R. WRIGHT, on behalf of himself, all others similarly situated,
and the general public

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>34-2009-00006422 |
|---|---|
| Sacramento County Superior Court<br>720 Ninth Street, Sacramento, CA 95814 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

William P. Torngren, 117 J Street, Suite 300, Sacramento, CA 95814, Telephone: (916) 554-6447

| DATE: **NOV 17 2009**<br>*(Fecha)* | Clerk, by **A. O'DONNELL**<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| [SEAL] | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of (specify):<br><br>     RBC Capital Markets Corporation, a corporation formerly<br>3. ☒ on behalf of (specify): doing business as RBC Dain Rauscher Inc.<br><br>     under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)<br>           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>           ☐ other (specify):<br>4. ☐ by personal delivery on (date): |

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Carl R. Wright, etc. v. RBC Capital Markets Corporation, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

RBC CAPITAL MARKETS CORPORATION, a corporation formerly doing business as RBC DAIN RAUSCHER INC., RBC DAIN RAUSCHER INC., RBC WEALTH MANAGEMENT, a division of RBC CAPITAL MARKETS CORPORATION, and DOES 1 through 50 inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| William P. Torngren (Cal. Bar No. 58493)<br>LAW OFFICES OF WILLIAM P. TORNGREN<br>117 J Street, Suite 300<br>Sacramento, CA 95814<br>TELEPHONE NO.: (916) 554-6447   FAX NO.: (916) 554-6445<br>ATTORNEY FOR (Name): Plaintiff Carl R. Wright, etc. | **FILED**<br>Superior Court Of California,<br>Sacramento<br>11/17/2009<br>aodonnell<br>By _____, Deputy<br>Case Number:<br>**34-2009-00064221** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: 720 Ninth Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Downtown Courthouse

CASE NAME:
Carl R. Wright, etc. v. RBC Capital Markets Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 4
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 17, 2009

William P. Torngren
(TYPE OR PRINT NAME)                    ▶ _William P. Torngren_ (signature)
                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**



# UNLIMITED

# CASES

# PACKET



# SUPERIOR COURT OF CALIFORNIA
## County of Sacramento
720 9th Street
Sacramento, CA 95814
(916) 874-5522—Website www.saccourt.ca.gov

# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial



Superior Court of California, County of Sacramento
Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference.

**Note: A *Mediation Statement* must be filed with the *Case Management Statement*.**

**ADR Procedures for the Sacramento County Superior Court**

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant will receive this information sheet from the Superior Court Clerk. **Plaintiff is required to include the ADR Information Sheet when he or she serves the Complaint on the Defendant.**

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. A *Stipulation and Order to Mediation* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference (CMC). The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List) and compensated pursuant to Local Rule 12.23. The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to the court's payment schedule of $200 for up to 3 hours of Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

The court's ADR Panel List is available on-line at                                 or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation (see attached)* within 14 calendar days after their CMC.

**Arbitration**
If the parties do not stipulate to Mediation - plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and an alternate Arbitrator from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 12, Part 2. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

**Additional Information**

For more information on the specific ADR programs of the Sacramento Superior Court, please review the Local Rules of the Sacramento Superior Court, available at all court locations and on-line at
Alternative Dispute Resolution



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
720 9th Street
Sacramento, CA 95814
916-874-5522—www.saccourt.ca.gov

## CIVIL DEPARTMENT ASSIGNMENT INFORMATION

Implementation of the Court Case Management System has changed the way cases are assigned to the Case Management Program, Law and Motion and Minor's Compromise departments. If your case was filed with the Court prior to the implementation of CCMS, please refer to the chart outlining department assignments for Legacy Cases. If your case was filed with the Court after implementation of CCMS, please refer to the chart outlining department assignments for CCMS Cases.

### Department Assignments for Legacy Cases

Legacy cases are assigned to CMP and Minors Compromise departments using the last two digits of the case number. Law and Motion matters are assigned on an odd/even basis. Legacy Cases are cases that were filed with the Court prior to November 5, 2007. Legacy case numbers are formatted as follows: *07AS03344 or 05AM05566.*

| Case Number Ending | Case Management Program | Minors Compromise |
|---|---|---|
| 50 – 74 | Department 39 | Department 22 |
| 25 – 49 | Department 43 | Department 17 |
| 75 – 99 | Department 44 | Department 16 |
| 00 – 24 | Department 45 | Department 42 |

### Department Assignments for CCMS Initiated Cases

CCMS initiated cases are assigned by the system to the CMP departments using a round robin methodology. The Law & Motion and Minors Compromise departments are based on the CMP department assignment. CCMS initiated cases are cases that were filed with the Court after the implementation of CCMS, November 5, 2007 or after. CCMS case numbers are formatted as follows: *34-2008-0001122.*

| Case Management Program | Law & Motion | Minors Compromise |
|---|---|---|
| Department 39 | Department 54 | Department 22 |
| Department 43 | Department 54 | Department 17 |
| Department 44 | Department 53 | Department 16 |
| Department 45 | Department 53 | Department 42 |

For additional information relative to department assignments or accessing Court tentative rulings, visit our website.

| COURT'S WEB SITE – WWW.SACCOURT.CA.GOV |
|---|

Civil Department Assignment Information



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 Ninth Street**
**Sacramento, CA  95814-1380**
**(916) 874-5522—Website www.saccourt.com**

**Program Case Notice**

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b) and (c):

| Action | Requirement |
|---|---|
| Service of Summons | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint. |
| | When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint. |
| | A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| Statement of Damages | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| Certificate of Service/Ex Parte Application | Within **75 days** of the filing of the complaint, plaintiff must file a certificate of service or an Ex Parte Application for Extension of Time to Serve Pleading on a form provided by the Judicial Council. |
| Responsive Pleadings | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default. |
| | Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint. |
| | No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| Judgment by Default | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| Case Management Statement | The court will serve a notice of case management conference on all parties approximately 120 days after the complaint is filed.  A case management conference statement shall be filed at least **15 calendar days** prior to the date set for the case management conference. |
| Meet and Confer | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least **30 calendar days** before the case management conference date. |
| Case Management Conference | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause.  Please refer to Local Rule 11.00 for more information.

**NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.**

Program Case Notice (Unlimited Civil Case)

CVIE-143 (Rev 08.14.2008)
Local Form Adopted for Mandatory Use

Page 1 of 1



1 | William P. Torngren (Cal. Bar No. 58493)
LAW OFFICES OF WILLIAM P. TORNGREN
2 | 117 J Street, Suite 300
Sacramento, California 95814
3 | Telephone: (916)554-6447
Facsimile: (916)554-6445
4 | Email: Torngren@TorngrenLaw.com

5 | Scot D. Bernstein (Cal. Bar No. 94915)
LAW OFFICES OF SCOT D. BERNSTEIN
6 | A Professional Corporation
101 Parkshore Drive, Suite 100
7 | Folsom, California 95630
Telephone: (916) 447-0100
8 | Facsimile: (916) 933-5533
Email: swampadero@sbernsteinlaw.com

9
10 | Gail A. Glick (Cal. Bar No. 174293)
ALEXANDER KRAKOW + GLICK LLP
401 Wilshire Boulevard, Suite 1000
11 | Santa Monica, California 90401
Telephone: (310) 394-0888
12 | Facsimile: (310) 394-0811
Email: gglick@akgllp.com

13
14 | Attorneys for Plaintiff

**FILED**
Superior Court Of California,
Sacramento

**11/17/2009**
aodonnell
By_____, Deputy

Case Number:
**34-2009-00064221**

Department
Assignments
Case Management 45
Law and Motion 53
Minors Compromise 42

BY FAX

15
16 |                SUPERIOR COURT
         SACRAMENTO COUNTY, CALIFORNIA
              (Unlimited Jurisdiction)

17
18 | CARL R. WRIGHT, on behalf of himself, all   )
others similarly situated, and the general     )
19 | public,                                     )     Case No.
                                                )
20 |              Plaintiff,                     )     CLASS ACTION COMPLAINT
                                                )     FOR VIOLATIONS OF THE
21 |     v.                                      )     CALIFORNIA LABOR CODE,
                                                )     UNFAIR COMPETITION LAW,
22 | RBC CAPITAL MARKETS CORPORATION, )          AND DECLARATORY RELIEF
a corporation formerly doing business as RBC    )
23 | DAIN RAUSCHER INC., RBC DAIN         )
RAUSCHER INC., RBC WEALTH               )
24 | MANAGEMENT, a division of RBC        )
CAPITAL MARKETS CORPORATION, and )
25 | DOES 1 through 50 inclusive,         )
                                                )
26 |              Defendants.                    )
                                                )
27
28

1    Plaintiff, on behalf of himself, all present and former California employees similarly

2    situated, and the general public complains against defendants as follows:

3    ## JURISDICTION AND VENUE

4    1. This Court has jurisdiction over the violations of the California Labor Code and

5    California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*) alleged in this

6    complaint.

7    2. Venue is proper in that defendants are foreign corporations or divisions of foreign

8    corporations and failed to designate a principal office address in California in their filings with the

9    California Secretary of State.

10   ## SUMMARY OF CASE

11   3. This class action seeks to enforce and vindicate the rights of employees and to remedy

12   defendants' violations of the California Labor Code and California Unfair Competition Law. This

13   complaint alleges defendants' systematic illegal employment patterns and practices by which

14   defendants denied their California employees compensation required by law, did not provide

15   accurate pay stubs or keep accurate payroll records, and failed to indemnify their California

16   employees fully for all expenditures incurred in the course of their employment or at defendants'

17   direction. This conduct caused damages to plaintiff and all California employees who were

18   similarly situated.

19   4. Plaintiff, for himself and all California employees similarly situated, seeks an order

20   certifying a class or sub-classes as described in this complaint, payment of compensation previously

21   and unlawfully denied by defendants, full reimbursement of expenditures incurred in the course of

22   employment, interest, penalties as provided by law, an injunction against future violations of the

23   Labor Code and the Unfair Competition Law, and costs and reasonable attorneys' fees as allowed

24   by law.

25   5. Additionally, this class action seeks a determination that "bonuses" paid by defendants

26   were earned by California class members upon delivery of their "books" of business to defendants

27   and that any so-called "promissory notes" executed in connection with the "bonuses" are void and

28   unenforceable. Alternatively, this class action seeks a determination that by virtue of the acts and

1  omissions of defendants, any so-called "promissory notes" executed in connection with such

2  "bonuses" are unenforceable.  Moreover and alternatively, this class action seeks a determination

3  that the so-called "promissory notes" are unenforceable as they otherwise violate the Labor Code as

4  illegal attempts at having employees pay defendants costs of doing business or as illegal

5  requirements that employees deliver property to defendants to secure employment.

6  ## THE PARTIES

7       6.  At all relevant times, plaintiff was an individual and an employee of defendants.  During

8  2006 and 2007, he was employed by defendant RBC Dain Rauscher Inc.  In 2008 and up to the

9  termination of his employment in 2009, he was employed by defendant RBC Capital Markets

10  Corporation, the successor of defendant RBC Dain Rauscher Inc.  Plaintiff was under the direction,

11  management, and supervision of defendants.  Plaintiff received his instructions and directions from

12  defendants.  While employed by defendants, plaintiff incurred expenses and made expenditures for

13  the defendants' benefit.  Those expenditures were not reimbursed fully.

14       7.  Plaintiff brings this action on behalf of himself and other current and former California

15  employees of defendants.  He also brings this action on behalf of the general public pursuant to the

16  Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*).

17       8.  Plaintiff is informed and believes and, on that ground, alleges that defendant RBC

18  Capital Markets Corporation is a Minnesota corporation which formerly did business as and is the

19  successor in interest to RBC Dain Rauscher Inc.  According to its filings with the California

20  Secretary of State and "Broker Check" published by the Financial Industry Regulatory Authority,

21  Inc. ("FINRA"), defendant RBC Capital Markets Corporation's principal office is in New York,

22  New York.  Defendant RBC Capital Markets Corporation does not list or otherwise designate a

23  principal business address in California.  Plaintiff is informed and believes and, on that ground,

24  alleges that defendant RBC Capital Markets Corporation assumed all of the liabilities of defendant

25  RBC Dain Rauscher, Inc. and is the payee on or assignee of the so-called "promissory notes"

26  described in this complaint.

27  ////

28  ////

9. Plaintiff is informed and believes and, on that ground, alleges that RBC Dain Rauscher Inc. was a corporation and is and was a payee on the so-called "promissory notes" described in this complaint.

10. Plaintiff is informed and believes and, on that ground, alleges that defendant RBC Wealth Management is a division of defendant RBC Capital Markets Corporation. Plaintiff is informed and believes and, on that ground, alleges that the other defendants employ and use RBC Wealth Management as an instrumentality to attempt collection or repayment of the so-called and purported "promissory notes" described in this complaint.

11. The true names and capacities, whether individual, corporate, associate, or otherwise of defendants named herein as Does 1 through 50 inclusive are unknown to plaintiff, who therefore sues those defendants by such fictitious names. Plaintiff will amend this complaint to allege the fictitiously named defendants' true names and capacities when they have been determined.

12. Plaintiff is informed and believes and, on that ground, alleges that each fictitiously named defendant was the agent, servant, and/or employee each of the other defendants in doing or failing to do the acts alleged in this complaint and was acting within the course and scope of the agency, service, and/or employment.

13. All defendants participated directly or indirectly in the conduct, events, and acts alleged in this complaint or assumed the liabilities of the other defendants.

## CLASS ACTION ALLEGATIONS

14. The named individual plaintiff brings this action on behalf of himself and all California employees similarly situated pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks class-wide relief for patterns and practices of unlawful conduct by defendants. Plaintiff also seeks class-wide determinations of rights under certain agreements alleged in this complaint.

15. The proposed class or sub-classes which plaintiff seeks to represent consist of past and present employees of defendants within the State of California at any time beginning four years prior to the filing of this complaint and up to the time class certification is granted who (1) were "financial consultants," registered representatives, or account executives, or were employed in

1   similar positions with similar job duties or responsibilities and (2) were (a) denied payment of all

2   compensation due and/or (b) denied an accurate itemized statement as required by section 226 of

3   the Labor Code and/or (c) denied full indemnification for all expenditures incurred in the course of

4   their employment or at defendants' direction.  As used in this complaint, the term "financial

5   consultant" includes any employee denominated as a financial consultant by defendants, any

6   employee of whatever title with duties and responsibilities similar to employees denominated as

7   financial consultants by defendants, and any registered representative as defined by the rules and

8   regulations promulgated by the California Department of Corporations, the United States Securities

9   and Exchange Commission ("SEC"), or FINRA.

10          16. Plaintiff also seeks to represent a class or sub-class of past and present employees of

11   defendants within the State of California who signed so-called "promissory notes" or similar

12   agreements in connection with receiving "bonuses" for moving from a competitor to defendants

13   and/or delivering all or part of their "books" of business to defendants.

14          17. The persons in the class or sub-classes are so numerous that joinder of all members is

15   impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

16   The number and identity of class members are readily ascertainable from the records of defendants.

17          18. A well-defined community of interest in the questions of law and fact involving and

18   affecting the class members to be represented exists.  Plaintiff is informed and believes and,

19   therefore, alleges that (a) class members regularly were denied payment of all compensation due

20   and/or (b) class members regularly were denied an accurate itemized statement as required by

21   section 226 of the Labor Code and/or (c) class members regularly were denied full indemnification

22   for all expenditures incurred in the course of their employment or at defendants' direction and/or (d)

23   class members regularly were denied the full benefit of "bonuses" or delivery of their "books" of

24   business to defendants but instead are subject to claims by defendants which should not be

25   enforced.  All of these class members have been harmed by defendants' conduct.

26          19. The claims of plaintiff are typical of the claims of any member of the class or sub-

27   classes. The relief sought is typical of the relief which would be sought by each class member in

28   separate actions.  All class members have been harmed similarly by being denied payment of all

1  compensation due as required by law, being denied full indemnification for all expenditures

2  incurred in the course of their employment or at defendants' direction as required by law, and being

3  denied the full benefit of "bonuses" but instead are subject to claims by defendants which should

4  not be enforced.  This harm arose from defendants' unlawful corporate patterns and practices

5  directed against their California employees.  Further, defendants benefitted and profited from the

6  same type of unfair and/or wrongful acts as to each class member.

7      20.  Plaintiff will represent and protect the interests of all members of the class and sub-

8  classes fairly and adequately.  No known conflicts of interest exist between the named class

9  representative and class members.  Plaintiff's attorneys are ready, willing, and able to represent the

10  class and sub-classes fully and adequately.  Plaintiff's attorneys previously have been certified as

11  class counsel and have experience in wage-and-hour and other class actions, other employment

12  litigation, and securities industry litigation.

13      21.  The prosecution of separate actions by individual class members would create a

14  substantial risk of inconsistent or varying adjudications with respect to individual class members, of

15  establishing incompatible standards of conduct for defendants, and of impairing or impeding class

16  members' rights or, as a practical matter, disposing of their interests through actions to which they

17  are not parties.  Further, the claims of individual members of the class may not be large enough to

18  warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

19  Finally, the claims of individual class members possibly would be subject to mandatory arbitration

20  conducted by FINRA before panels of arbitrators who were associated with or employed by the

21  securities industry.

22      22.  Common issues of law and fact predominate over individual issues in that all claims

23  arise out of defendants' policies, practices, and patterns for compensating their employees.

24  Defendants' employment practices and patterns wrongfully and illegally failed to compensate

25  plaintiff and other class members as required by California law.  Further, a class action is superior

26  to numerous individual actions as a means of adjudicating those claims.

27  ////

28  ////

### DEFENDANTS' PRACTICES AND PATTERNS

23. Defendants are in the securities and financial services business. They represent themselves to have unparalleled global resources for wealth management. They maintain offices throughout California, as well as in other states in the United States and internationally. Defendants claim to provide a range of products and services to individuals, businesses and institutions, including brokerage and investment advisory services, financial and wealth planning, private and commercial banking, discretionary investment management, business planning, and estate and trust planning. Defendants promote the benefit to customers of having a single, dedicated advisor who can coordinate all of the customer's financial needs. Defendants generally do their business through "financial consultants," who develop relationships with customers and market defendants' financial products and services to those customers. The importance of these relationships is demonstrated by defendants' representation that a customer's "personal advisor will acquire an in-depth understanding of [the customer's] complete financial situation and personal preferences through a disciplined and interactive discovery process . . . . [which] provides . . . the very best in individual wealth management . . . ." Plaintiff is informed and believes and, therefore, alleges that defendants employ hundreds of financial consultants in California.

24. Plaintiff is informed and believes and, therefore, alleges that a large portion of defendants' revenues is derived from compensation which they receive as a result of business done by or with customers. Consequently, defendants spend millions of dollars each year on efforts to promote trust and to encourage persons to do business with their financial consultants. Defendants hold themselves out to the public as providing individualized services for customers built on the relationship between a customer and a financial consultant.

25. Moreover, over the years and as a pattern and practice, defendants have spent millions of dollars in "bonuses" to entice financial consultants who have an existing customer base or "book" to move from competitors to defendants and to bring their customers to defendants. The "bonuses" were based upon gross production – that is, total compensation generated – at the competitor firm. For example, as an enticement to come to work for defendants, plaintiff was paid a "bonus" based upon his gross production at another securities firm.

26. As a pattern and practice, defendants pay their financial consultants a percentage of the compensation received by defendants, whether in the form of commissions, loan or margin interest, sales loads, wrap fees, or similar payments, as a result of business done with a financial consultant's customer. The percentages vary depending upon the product involved, the length of service of a financial consultant, and the gross compensation brought in by a financial consultant.

27. As a pattern and practice, defendants encourage their financial consultants to build a customer base and sustain long-term relationships with those customers. Building a customer base and sustaining long-term relationships with customers require, among other things:

    a.    Gifts for, dining with, and entertaining existing and potential customers and persons who may refer potential customers

    b.    Traveling to and from meetings and spending time with existing and potential customers and referral sources at their homes, their places of business, or places away from defendants' offices

    c.    Availability by telephone for existing and potential customers and referral sources while outside of defendants' offices and at times when those offices are closed including evenings and weekends

    d.    Providing services and materials to existing and potential customers at no expense to them. The services and materials may include financial plans.

    e.    Making sales presentations or presenting investment products to existing and potential customers.

    f.    Getting prospecting leads of potential or prospective customers.

28. A financial consultant's building a customer base and sustaining long-term relationships with customers benefits defendants. Plaintiff is informed and believes and, on that ground, alleges that this is essential to defendants' present business model and their continuing to do business under that model.

29. Plaintiff expended monies to build a customer base and to sustain long-term relationships. Plaintiff is informed and believes and, on that ground, alleges that class members expended monies to build customer bases and sustain long-term relationships.

30. To provide services as a financial consultant to customers and to best serve defendants, a financial consultant must maintain his or her registration or licenses and stay current on products, compliance, and similar matters. Doing so requires, among other things:

    a.    Attending and participating in continuing education.

    b.    Having and maintaining computer resources and services.

    c.    Payment of fees to states to remain registered.

    d.    Subscribing to publications and periodicals which are usual in the financial services industry.

31. A financial consultant's maintaining his or her registration or licenses and staying current on products, compliance, and similar matters benefits defendants. Plaintiff is informed and believes and, on that ground, alleges that this is essential to defendants' present business model and their continuing to do business under that model.

32. Plaintiff expended monies to maintain his registration or licenses and to stay current on products, compliance, and similar matters. Plaintiff is informed and believes and, on that ground, alleges that class members expended monies to maintain their registrations or licenses and to stay current on products, compliance, and similar matters.

33. As a pattern and practice, defendants do not indemnify or otherwise reimburse financial consultants fully for monies expended to build customer bases, to sustain long-term relationships, to maintain their registrations or licenses, and to stay current on products, compliance, and similar matters. Instead, defendants deduct monies from financial consultants' pay in the form of "pre-tax business expense" and "after tax business expense." Plaintiff is informed and believes that the "pre-tax business expense" deduction was taken out of his pay to reimburse him later for expenses which he incurred on behalf of defendants, and documented to them, in the course of his employment. Those "pre-tax business expenses" included, among other things, on-line and hard copy investment publications and meals with clients. Plaintiff is ignorant of for what expenses defendants made the "after tax business expense." As a result of these deductions, defendants, in effect, were and are collecting monies from the compensation of financial consultants to pay defendants' expenses of doing business.

34. Plaintiff is informed and believes and, on that ground, alleges that the monies which he and class members expended to build customer bases, to sustain long-term relationships, to maintain registrations or licenses, and to stay current on products, compliance, and similar matters were necessary expenditures as a consequence of discharging duties as employees of defendants.

35. As a pattern and practice, defendants structured the "bonuses" paid to entice financial consultants away from competitors as "loans" evidenced by promissory notes. Defendants represented to plaintiff and, on information and belief, other class members that the "bonuses" were structured as "forgivable loans" to spread out the income tax consequences. Plaintiff is informed and believes and, on that ground, alleges that, as a pattern and practice, defendants generally structured the bonus transactions as follows:

a. Upon leaving a competitor and becoming employed by defendants, the newly recruited financial consultant received the bonus.

b. In connection with receiving the bonus, he or she executed a so-called "promissory note" by which he or she promised to repay the bonus in monthly installments over a period of time. In plaintiff's case, the promissory note which he signed provided for equal monthly installments over six years.

c. The "loan" purported to be forgivable as each month a portion of the so-called principal and interest were forgiven. In plaintiff's case, 1/72 of the principal and accrued interest were forgiven monthly.

d. The bonused financial consultant was to pay defendants' payroll taxes on "forgiven" principal and interest. Those tax payments were to be deducted from the newly recruited financial consultant's pay.

e. The "Promissory Note" was to accelerate upon, among other reasons, the termination of the newly recruited financial consultant's employment irrespective of the reason for termination.

36. Plaintiff and, on information and belief, class members performed the basic obligation for the bonuses by coming to work for defendants and making their best efforts to entice their customers to transfer accounts from competitors to defendants.

37. During 2008 and continuing into 2009, defendants changed the environment in which their financial consultants worked. The financial markets took a downturn. The S&P 500 dropped approximately 37.6 percent between January 1, 2008, and December 31, 2008. Members of the financial industry increasingly were in the financial news. Financial consultants started to leave defendants, who began to implement patterns and practices to eliminate lower level producers. Plaintiff is informed and believes and, on that ground, alleges that the patterns and practices included among other things:

    a.    Failing to pay compensation to financial consultants when the commission on a transaction was less than $75.

    b.    Changing the percentage payout payable to lower level producers to reduce their compensation and squeeze them out of defendants' employment.

    c.    Setting unreasonable production and new account requirements in light of the conditions in the financial markets which could not be met by lower level producers resulting in their termination.

**FIRST CAUSE OF ACTION**

**(Labor Code Violations – Failure To Pay All Wages,<br>To Provide Accurate Records, and To Reimburse)**

38. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 37 above.

39. Defendants violated numerous provisions of the Labor Code, including among others sections 201, 202, 203, 204, 221, 226, 1174, and 2802.

40. Defendants violated the Labor Code, including, without limitation, sections 201, 202, and 204, by failing to pay plaintiff and, on information and belief, other current and former employees of defendants all compensation that was due and by failing to pay compensation within statutory time frames.

41. Defendants violated section 221 of the Labor Code by, among other things, deducting charges for "pre-tax business expenses" and "after tax business expenses" from plaintiff's pay and, on information and belief, the pay of other current and former employees.

42. Defendants violated section 226 of the Labor Code by failing to provide plaintiff and, on information and belief, other current and former employees of defendants with an accurate written, itemized statement providing the information required by law.

43. Defendants violated section 2802 of the Labor Code by failing to reimburse or indemnify plaintiff and, on information and belief, other current and former employees fully for monies expended to build customer bases, to sustain long-term relationships, to maintain their registrations or licenses, and to stay current on products, compliance, and similar matters for the benefit and at the direction of defendants. Section 2802 provides for recovery of "all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

44. Defendants violated sections 201 and 202 of the Labor Code by failing to pay each former employee all compensation due immediately upon termination or within 72 hours of a voluntary termination without notice. Section 203 of the Labor Code requires defendants to pay each such former employee waiting time penalties equal to one day's wages for each calendar day after termination that the wages remain unpaid up to a maximum of 30 days.

45. Defendants violated sections 226(a) and 1174 of the Labor Code by knowingly and intentionally failing to keep accurate written daily records of information required by law and failing to provide plaintiff and class members with accurate information at the time of each period wage payment. Section 226(e) of the Labor Code provides for penalties for each violation of section 226(a).

46. Plaintiff suffered and, on information and belief, other current and former employees of defendants suffered injury as a result of defendants' knowing and intentional failure to comply with section 226(a) of the Labor Code. The injury includes, among other things, that plaintiff and, on information and belief, other current and former employees of defendants were confused over whether they received all wages owed them and would face difficulty and possibly expense in reconstructing pay records.

////

////

## SECOND CAUSE OF ACTION

### (Injunction - Labor Code Section 226)

47. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 46 above.

48. Plaintiff brings this cause of action pursuant to the power granted by section 226(g) of the Labor Code.

49. Defendants violated and continue to violate section 226 of the Labor Code. Plaintiff is informed and believes and, therefore, alleges that unless this Court enjoins defendants from violating section 226, they will continue to do so. Plaintiff, therefore, seeks injunctive relief to ensure compliance with section 226.

50. Section 226(g) of the Labor Code provides that an employee bringing an action for injunctive relief to ensure compliance is entitled to an award of costs and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

### (Violation of Unfair Competition Law)

51. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 50 above.

52. Plaintiff brings this cause of action pursuant to the power granted by section 17204 of the Business and Professions Code for himself, the class members, and the general public.

53. Defendants, and each of them, engaged and continue to engage in fraudulent, unfair, and unlawful business practices in California by practicing, implementing, and using the employment practices alleged in this complaint. Some of defendants' Labor Code violations constitute misdemeanors; most of defendants' Labor Code violations carry civil penalties. Any benefit to defendants of their practices is far outweighed by the detriment to class members and the general public of those practices.

54. Defendants, and each of them, engaged and continue to engage in fraudulent, unfair, and unlawful business practices in California by seeking to enforce promissory notes signed in connection with "bonuses" when enticed financial consultants have performed by bringing their "book" from a competitor and defendants have reduced the compensation and abilities of enticed

financial consultants to earn a living. Any benefit to defendants of their practices is far outweighed by the detriment to class members and the general public of those practices.

55. Defendants' practices constitute unfair competition within the meaning of and as proscribed by section 17200 of the Business and Professions Code.

56. Plaintiff, for himself, all others similarly situated, and the general public, seeks an injunction to prohibit defendants from continuing to engage in the unfair competition as alleged in this complaint.

57. The plaintiff class is entitled to restitution, disgorgement and/or restoration (collectively "restitution") of the monies, funds, and compensation unlawfully withheld by defendants or otherwise acquired by defendants as a result of their unfair competition. That restitution includes an amount equal to the compensation denied to employees by defendants' manipulation of commissions. Additionally, restitution includes full reimbursement or indemnification of benefits conferred upon defendants as a result of their employees' expenditures as a direct consequence of performing duties as employees or following defendants' directions.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief)

58. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 37 above.

59. An actual controversy has arisen and now exists between plaintiff and class members, on the one hand, and defendants, on the other, concerning their respective rights and duties under the documents signed in connection with the bonuses or up-front monies paid to entice plaintiff and class members to come to work for defendants and to take actions to transfer their books of business to defendants.

60. Plaintiff and class members contend that the bonuses were earned upon registration and employment of the enticed financial consultant and his or her substantial and good faith efforts to encourage customers to move their accounts from competitors to defendants. Plaintiff and class members further contend that the so-called "promissory notes" were represented by defendants as necessary to spread the tax consequences of the bonus over a period of years. Plaintiff and class

members also contend that any attempt by defendants to recoup or collect on the bonuses previously earned violates section 221 of the Labor Code.  In that plaintiff and class members have performed fully, they contend that the so-called "promissory notes" are not enforceable by defendants.

61.  Alternatively, plaintiff and class members contend that defendants engaged in patterns and practices which, among other things, made continued employment with defendants economically unfeasible, failed to take into account the substantial downturn in the financial markets, and were intended to squeeze smaller producers out of the firm and to generate monies for defendants by accelerating payment of the so-called "promissory notes" while simultaneously seeking to retain the transferred books of business.  Under such circumstances, the promissory notes should be declared unenforceable.

62.  Alternatively, plaintiff and class members contend that defendants, in effect, paid "bonuses" to purchase books of business.  To the extent that defendants seek reimbursement of those purchase monies by enforcement of the so-called "promissory notes," defendants violate section 221 of the Labor Code.  The so-called "promissory notes," therefore, are unenforceable.

63.  Alternatively, plaintiff and class members contend that the up-front money paid by defendants to him and class members was defendants' purchase price of the books of business which plaintiff and class members were required to bring with them to secure employment.  To the extent that defendants seek or claim a right to reimbursement of the purchase price of those books of business, defendants, in effect, are requiring plaintiff and class members to pay defendants' business expenses in violation of the Labor Code.  The so-called "promissory notes" or any other similar claim, therefore, are unenforceable.

64.  Alternatively, plaintiff and class members contend that, by paying a "bonus" offset by a "promissory note" of equal size, defendants required plaintiff and class members to contribute property in the form of books of business to secure employment with defendants.  The requirement to contribute property to defendant to secure employment violates the Labor Code.  The so-called "promissory notes," therefore, are unenforceable.

////

////

65. Plaintiff is informed and believes and, therefore, alleges that defendants dispute his contentions and seek to enforce the so-called "promissory notes" against him and class members according to the terms of the notes.

66. Plaintiff desires a judicial declaration that the monies paid to him and class members were bonuses which have been earned and that the so-called "promissory notes" signed by him and class members are unenforceable by defendants or their assignees.

67. A judicial declaration is necessary and appropriate at this time under the circumstances so that the parties may ascertain their rights and duties.

## PRAYER

WHEREFORE plaintiff prays judgment against defendants as follows:

1. For compensatory damages in an amount representing the amount of unpaid compensation.

2. For restitution of monies, compensation, and other amounts withheld from plaintiff and class members in violation of the California Unfair Competition Law.

3. For interest on any compensation due from the day such amounts were due.

4. For an injunction ensuring defendants' compliance with section 226 of the Labor Code.

5. For full indemnification of all necessary expenditures incurred by plaintiffs and class members in direct consequence of the discharge of their duties or their obedience to the directions of defendants pursuant to section 2802 of the Labor Code.

6. For an order enjoining defendants' violations of the California Unfair Competition Law.

7. For an award of penalties pursuant to sections 203 and 226(e) of the Labor Code.

8. For a declaration that the up-front monies paid to plaintiff and class members were bonuses which have been earned or payments that cannot be recouped in any manner and that the promissory notes signed by him and class members are unenforceable by defendants or their assignees.

9. For reasonable attorneys' fees as provided by law including, without limitation, pursuant to sections 226(e), 226(g), and 2802(c) of the Labor Code and section 1021.5 of the Code of Civil Procedure.

10. For further compensatory damages according to proof.

11. For costs of suit.

12. For such other and further relief as the Court may deem appropriate.

Dated: November 17, 2009

LAW OFFICES OF
SCOT D. BERNSTEIN
A Professional Corporation

ALEXANDER KRAKOW + GLICK LLP

LAW OFFICES OF
WILLIAM P. TORNGREN

By _William P. Torngren_
       William P. Torngren

Attorneys for Plaintiff